Per Curiam.

The arrangements made by the plaintiffs, in order to secure themselves against what is commonly called a run upon them, they had a right to make. This was not such a use of their moneys and effects as is prohibited by their act of incorporation; nor was the contract usurious, (a) Judgment on the verdicL
*286 ADDITIONAL NOTE.
■ [See, as to usury, State, &c., vs. Hunter, 1 Dev. 100.—Nashville, &c., vs. Hays, 1 Yerg. 243. — Lawrence vs. Morrison, 1 Yerg. 444.— The President, &c., vs. Ozoens, 2 Pet. 527.
The giving of a certificate of deposit payable in futuro, does not avoid a bill of exchange (discounted by a bank) for usury, where the certificate is granted at the request and for She accommodation of the party obtaining the discount, and there is no intention to take usury. — Knox vs. Goodwin, 25 Wend. 643.
Action by a country bank against the indorsers of a bill, mentioning no place of payment. The bill was discounted by the plaintiffs for the acceptors; the drawer, indorser, and acceptors lived in Nezo York ; the business was conducted by the plaintiffs through their cashier while in Nezo York; the avails of the bill were paid in drafts on New York, equal in value to city funds; and the amount thus paid was the face of the bill, deducting the difference of exchange between city and country funds, in addition to the usual discount. Held, the bill was not usurious.— The Cayuga, &c., vs. Hunt, 2 Hill, 635.
Otherwise, had more than the usual difference of exchange been deducted, or the avails of the bill paid in drafts having a long time to run. —Ibid. —F. H.]

 [The writing set forth in the declaration is not a promissory note, within th
*286 statute of Anne, and, by the rules of pleading, should be treated like any other parol promise or agreement not implying a consideration. Our courts have held that such notes are not negotiable, because not within the statute, (Clark vs. King, 2 Mass. Rep. 524 —Jones vs. Fales, 4 Mass. Rep. 245.—Cooledge vs. Ruggles, 15 Mass. Rep. 387.—Mozory vs. Todd, 12 Mass. Rep. 387. — Springfield Bank vs. Merrick, 14 Mass. Rep. 322;) and that no action can be maintained by the endorsee against the maker. And yet they have held that an action may be maintained by the endorsee against the endorser, (Sanger vs. Stimson, 8 Mass. Rep. 260. — Jones vs. Fales, 4 Mass. Rep. 245;) or by the promisee against the maker, (Springfield Bank vs. Merrick, ubi sup. — Tones vs. Fales, ubi sup.,) upon a declaration in like form, as in case of notes negotiable within the statute. Thus, without any obvious reason, anomalies in the law ol* bills and notes, and in pleading, have been introduced, so that the same contract between some parties is to be considered as within the adopted statute, to which all the law of bills and notes is to be applied ; and between others is to be viewed as wholly unprotected by the statute, or any part of it which has been adopted.
As to the question of usury, see White vs. Wright, 5 Dowl. & Ryl. 110 —3 B, & C. 273. — Davis vs. Hardacre, 2 Camp. 375. — Lowe vs. Waller, 2 Doug. 736. — Pratt vs. Willey, 1 Esp. 40. — Parr vs. Eliason, 1 East, 92. — Davidson vs. Barnard, 1 Esp. 11.—Bedo vs. Sanderson, Cro. Jac. 440.— Wright vs. Wheeler, 1 Camp. 165. — Doe vs. Metcalf, Holt, N. P. C. 295. — Barnard vs. Young, 17 Ves. 44. — Forest vs. Elwes 4 Ves. 492.— Clark vs. Giraud, 1 Mad. 511. — Ed.]