Putnam J.
delivered the opinion of the Court. [After stating the facts, he proceeded :]
It has been contended, that the bill of sale, under the circumstances of this case, was void as against' the attachment; and also that the transaction was usurious, and so void.
The question concerning the usury was submitted to the jury, and they have found for the plaintiff, and, as it seems to us, according to the evidence. Long, the vendor, testified expressly that there was no corrupt or usurious agreement. We are not in this case to determine whether the plaintiff was legally entitled to the . commission which he charged, and which Long allowed. It is sufficient that the jury have not believed that it was a cover for usury. There is a custom among merchants, that where goods, which have been put into the hands of one for sale, are withdrawn by the owner before any sale, he shall make some allowance to the commission merchant for his trouble. Whether the plaintiff was entitled to the allowance, which was in fact made to him on that account, or not, is not material in any other way, than as the jury might have inferred from the evidence that it was a mere color and cover; but they could not come to that conclusion without disbelieving Long, whose credibility was not questioned. We think the verdict was right upon that point.[1]
*302 The remaining question is, whether the delivery of a chattel eight months after a bona fide bill of sale of the same shall avail against a creditor who attaches it after the delivery.
For the defendant it is contended, that such a sale is void against creditors. It is certainly a general rule, that possession must follow and accompany the deed; and that the possession of the vendor after the bill of sale, unexplained, would render the conveyance void as against creditors. But such a possession may be explained, as in the case of Kidd v. Rawlinson, 2 B. & P. 59, and be perfectly consistent with justice. So if the creditor knew and assented to the sale; as in Steel v. Brown, 1 Taunt. 381. Such possession may also be consistent with the terms of the deed.
The doctrine in the case cited by the counsel for the defendant, of Edwards v. Harben, 2D. & E. 587, is unquestion ably sound. But there the vendee did not obtain possession under the bill of sale, before the right of the creditors of the vendor accrued. That case was shortly as follows. Mercer gave an absolute bill of sale of his goods to Harben, but the *303 vendor, by a verbal agreement, was to remain in possession fourteen days, and if within that time the vendor should not pay a certain sum, the vendee might take the goods and sell them. The vendor died before the expiration of fourteen days. Then the property became liable to bis creditors, and the possession of the vendee, which was taken afterwards, was held tr be tortious.
The. same principle is recognized in the case of Mair et al. Ass of T. Mair v. Glennie et al. Ass. of Sharp & Co., 4 M. & S. 240, cited by the counsel for the defendant. That case was as follows. Mair made a bill of sale of a vessel to Sharp and Co. but they omitted to take possession until the vendor became a bankrupt. In consequence of the bankruptcy his property was transferred to his creditors. The as “ignees of the vendor recovered against the assignees of the -endee, because they had not taken possession under the bill of sale. The party claiming under the bill of sale, in that case, lost the property, because he did not what the plaintiff in the case at bar did, viz. get possession before the claim of the creditors of the vendor was interposed.
There is another case, however, which was cited by the counsel for the defendant, where the vendees did what the vendee in the case at bar did, viz. obtain possession several montas after the bill of sale, and it was held that they should recover. That was the case of Robinson et al. Ass. of Bell and Clarkson v. Donell, Ass. of Sharp et al., 2 B. & A. 134. Bell and Clarkson gave a bill of sale of a vessel to Clarkson and Co. The vendors kept possession and used the vessel as their own until the vendees became bankrupts. Their assignees, as soon as they could conveniently, took possession, but it was six months after the bill of sale. After that time the vendors became bankrupts, and their assignees claimed the property, but failed to recover. And the reason is obvious. The title under the bill of sale was perfected by the taking possession before the right of the creditors of the vendor attached. A case in that respect like the one at bar. The opinion of Bayley J. is peculiarly applicable. He observed, that “ where there was a deed executed under which it is competent for a party to take possession immediately, and he does not do so, but omits it foi, *304 six months, he was not aware of any case which decides that such omission would be fraudulent, so as to make the deed void under the statute of Elizabeth. If, indeed, the right of third persons had intervened, the deed might be void as against them.”
And it was not necessary that a new bill of sale should have been made on the 26th of June. That which the plaintiff had was good between the parties. The vessel was liable to the attachment of Long’s creditors, until the title of the plaintiff was completed by the possession. That was the only objection which a creditor of the vendor could have made ; and that objection was removed before the vessel was attached. “ Quod nullo interna vitio labor at, at objecta impedimenta cessat, remoto impedimenta per se emergit.,'' [1]
Upon the whole matter, we are all of opinion that the plaintiff shall recover.

 In the case of Lyman v. Morse, argued and determined at March term *302 1823, in this country, W. Sullivan, for the defendant, contended that the mere feet of discounting the interest at the time of making a loan was in itself conclusive evidence of usury; and he cited and relied on Marsh v. Martindale, 3 B. & P. 154; Maine Bank v. Butts, 9 Mass. Rep. 49.
Thacker and Warner, for the plaintiff, cited Grysil v. Whitchcott, Cro. Car. 283; Floyer v. Edwards, Cowp. 115; Barnes v. Worlich, Yelv. 30; Winch v. Fenn, 2 D. & E. 52, note; Matthews v. Griffiths, Peake, 200; Berkley v. Walmsley, 5 Esp. 11; Pratt v. Willey, 1 Esp. 40; Northampton Bank v. Allen, 10 Mass. Rep. 284; Hammett v. Yea, 1 B. & P. 151; Lloyd v. Williams, 2 W. Bl. 793.
The Court held that merely discounting the interest was not necessarily usury.* [1] It might be evidence of a design to evade the statute, but that was a question for the jury, and they compared the case to Bartlett v. Williams, re ported in the text. — Reporter.
1 See also Manhattan Co. v. Osgood, 15 Johns R. 162. The instrument discounted must be negotiable and payable at no very distant day. New York Ivremen's Ins. Co. v. Ely, 2 Cowen, 703. In Marsh v. Martindale, ubi sup., Lord Alvanley held the discounting to be usurious, principally on acco ir:t of the length of the date of the bill discounted, which was three years. The privilege of deducting interest by way of discount is, it seems, confined to bankers and those who deal in bills of exchange or promissory notes by way of trade. This is so, at least, ir England. Bank of Utica v. Wager, 3 Cowen, 712.

 See Badlam v. Tucker, post, 389; Shumway v. Rutter, 8 Pick. 443; Adams v. Wheeler, 10 Pick. 199; Haskell v. Greely, 3 Greenl. 425; Holbrook v. Baker, 4 Greenl. 209; Bissell v. Hopkins, 3 Cowon, 189, note; D'Wolf v. Harris 4 Mason, 533.