The opinion of the court was delivered by
Duncan, .1.
The objeclion to this declaration is after a verdict, ou atrial of the merits; and it, therefore, became the duty of the court, and has been their inclination, to support the judgment, if it could be done. But this anxiety to overlook form, and to consider as cured every defective statement of title, which a verdict could cure, ought not to prevail, where no title is set out, and where one of the breaches assigned is on a covenant not contained in the covenants set forth in the declaration. The covenants stated set forth the usual covenants in indentures of apren'ticeship, on the part of the apprentice, and that the master, in consideration of their performance, was to provide sufficient sustenance and apparel, and give him two sufficient suits of freedom clothes. The declaration then states the service of the apprentice, and faithful performance of all his covenants, and assigns the breaches in the following words: “that the said G. Pumeroy did not instruct the said Jl. Bruce in the art, trade, and mystery, of fulling and dying, but kept him at other business and employment; nor did he give him the two suits of clothes, nor the schooling, as mentioned in the said indenture.” Now, it is not stated in the declaration, that he covenanted to teach and instruct him in the art and mystery of a fuller and dyer. This breach is broader than the covenants; and, therefore, is erroneous, on every principle of pleading. 1 Chitt. Plead. 325.
The inference of law is irresistible, that, from the covenants of the apprentice and his service, the master’s covenant was to teach him the trade; for that was the very consideration of his service; and even though the indenture omitted this in terms, yet it was the spirit, effect, and substance of the contract, and might have been so laid in the declaration, notwithstanding the omission of the words. The court would so have construed the instrument, if the declaration had so alleged it. But it set forth other covenants, contained in the indenture, and totally omits this most important Covenant, the moving consideration of the whole contract. The *189 breaches assigned, are of the minor covenants, as weli as of the essential one, the instruction. But, as it is not stated that the master did covenant to instruct, the verdict cannot cure this fatal omission, which is the very gist of the action, and the consideration of the whole contract. The argument of the defendant in error, that the damages might only have been given on the breaches properly laid, is not supported by any authority. The general doctrine, that, where the same count contains matters of various kinds, some good, some bad, the damages shall be intended only to be given for that which is good, is generally applied to actions of slander, where the words were all spoken at the same time, and all must he laid as spoken. Then it must be intended that the damages were given only for the actionable words; otherwise, the slander would go unpunished, if he would mix with his actionable words, words that gave no cause of action, for the jury must find the words as laid. But the law is very different, where the plaintiff introduces into his declaration breaches out of the covenant he has stated, though there are some that are within it. This matter is very fully considered in Gordon v. Kennedy, 2 Binn. 287.
In actions of covenant, it is sufficient to state the substance and legal effect of the covenant, not literatim, but their spirit. 2 W. Saund. 366. Fletcher v. Peck, 6 Cranch, 87. It is always allowable, and often necessary, to-declare according to the legal effect and import of written contracts, rather than on the precise words. 10 Mass. Rep. 286. But where there is no contract alleged, there can be no breach assigned; and though the court, after verdict, may presume every thing to have been proved that is alleged, yet that cannot be presumed which is not stated, and which is the very gist of the action.
The contract should be stated; the covenant, the breach of which is complained of, and which prescribes the duty to be performed. In order to support any action, the cause of it must be alleged. The plaintiff does not recover according to the probata, but secundum allegata et probata, and the contract must be always stated, but may be according to its legal effect. Common sense, as well as the rules of pleading, which are founded on strong sense, but which, misapplied and misunderstood, are sometimes used as instrument of chicane, requires of a party to allege that which forms a constituent part of his title; and this holds particularly in written contracts. Now, before the plaintiff below could recover for the breach of not instructing him, the covenant to instruct him must bé alleged. There could be no breach assigned for the nonperformance of that which the plaintiff has not alleged the defendant contracted to perform.
Judgment reversed,