## MOTTS *v.* USHER & THAYER.

Under section 2388 of the Code, a negro cannot be allowed to give testimony in a cause where a white person is a party.

And where in an action wherein a negro was the plaintiff, and the defendants were white persons, the defendants offered a negro as a witness, who was objected to, on the ground of incompetency, which objection was sustained; *Held*, That the witness was properly excluded.

Section 2394 of the Code, which provides that the prohibitions in the previous sections, are not to apply to cases where the party in whose favor the respective provisions are enacted, waives the right thereby conferred, refers to the persons named in sections 2391, 2392, and 2393, as husband and wife, attorneys, physicians, ministers, and the like; and cannot refer to a class of cases, where the exclusion of the testimony is for the benefit and protection of neither party exclusively, but for all parties, where either is a white person.

*Appeal from the Muscatine District Court.*

THE plaintiff is a negro; the defendants, white persons. On the trial below, the defendants offered one Hinton, a negro, as a witness, to the introduction of whom, plaintiff objected, upon the ground that said witness, being a black man, was incompetent to testify in said cause. This objection was sustained, and the witness excluded, to which defendants excepted. The cause was tried by the court, and the whole testimony is embodied in a bill of exceptions. Judgment for plaintiff. Defendants appeal, and assign for error, the excluding of the testimony of the witness, Hinton, and the judgment of the court on the testimony introduced.

*Thayer & Karskadden*, for the appellants.

*Cloud & O'Conner*, for the appellee.

WRIGHT, C. J.—The competency of the witness, Hinton, must depend upon the construction to be given to the concluding part of section 2388, of the Code. This provides, that an Indian, a negro, a mulatto, or a black person, shall not be allowed to give testimony in any case wherein a white person is a party. This language is explicit, and most clearly renders the witness incompetent. Here was a cause, in which one party was a white person; and in all such cases, "the testimony of a negro is, by the express words of the law, to be excluded. The provision is not, that such persons of color shall not be witnesses against a white man, but they are prohibited from testifying in any cause wherein a white person is a party, and this, whether offered for, or against such party.

It is urged, however, that this provision was designed for the benefit of, and to protect the white person; and that the defendants having waived this objection, by offering to introduce the witness, the plaintiff, being a negro, cannot object. To sustain this position, we are referred to section 2394, of the Code, which provides, that the prohibitions in the previous sections, are not to apply to cases where the party in whose favor the respective provisions are enacted, waives the right thereby conferred. This position would be tenable, if the provision contained in section 2388, was alone for the benefit of the white person. But as already shown, this is not the language of the Code, and so far as relates to the reason and policy of the law, we can conceive of quite as weighty considerations for excluding the testimony, when offered by, as when offered against, a white man. If the plaintiff was a white man, it would be clear that the witness would, if objected to, be incompetent, when offered by the defendants. So also, if offered by the plaintiff, a negro, against the defendants. Why, then, should the law make him competent for a white person against a negro? It is said that

the reason he is incompetent for the black against the white person, is, that the blacks are clannish, and might confederate to the great injury and prejudice of white suitors.  But, on the other hand, it is not to be disguised, that from the dependent position of this unfortunate portion of our population upon white persons, they might be used as instruments by them, to injure and prejudice black suitors.  And, indeed, there would appear to be quite as strong reasons for excluding such witnesses in one case, as the other.  When both parties are black, such witnesses are competent; otherwise not, if objection is made.  Section 2394, refers to the persons named in sections 2391, 2392, and 2393, as husband and wife, attorneys, physicians, ministers, and the like, and cannot refer to a class of cases where the exclusion of the testimony, is for the benefit and protection of neither party exclusively, but for all parties, where either is a white person.

So far as relates to the finding of the court on the evidence, we need only say, that after carefully examining the same, we see no reason for disturbing the judgment.  We could not disturb it, unless so clearly against the weight of testimony, as to justify us in saying that the finding was unwarranted.  This we could not do in this case.

Judgment affirmed.