## BLAKE v. GRAVES *et al.*

### I. Per Curiam.

1. **Pleadings:** JUSTICE'S COURT. Strict formality of pleading is not required in a justice's court.

2. **Evidence:** DECLARATIONS. Declarations of a person while in possession of personal property, explanatory of such possession. as that he held in his own right, or as agent, &c., is competent evidence in an action concerning the same between the owner and an attaching creditor of the person in possession.

3. Fraud: POSSESSION AFTER SALE. But mere possession of personal property by the vendor *after* a sale will not defeat it, unless such possession is *continued* until another acquires an adverse right or interest therein.

II. Per COLE, J.; WRIGHT, Ch. J., and LOWE, J., concurring, and DILLON, J., dissenting.

4. Evidence: HUSBAND AND WIFE. The husband is a competent witness for the wife if she waives the prohibition of § 3983 of the Revision of 1860.

*Appeal from Wapello District Court.*

MONDAY, APRIL 10.

ACTION to recover the value of a horse, taken by defendants under an attachment as the property of the plaintiff's son. The cause was tried to a jury, and there was a verdict and judgment for defendants. Plaintiff appeals. The further facts will be found stated in the opinion.

*A. W. Gaston* for the appellant.

*Hendershott & Burton* for the appellee.

COLE, J.—I. The cause was originally commenced before a justice of the peace. The defendants answered, denying plaintiff's ownership of the horse, and all other allegations of the *notice*, and averring the ownership to be in the plaintiff's son, and the rightful seizure of the horse by virtue of an attachment against him; and then further plead, orally, "that the claim of plaintiff to said property is a fraud." The plaintiff filed a reply in general denial.

1. PLEADINGS: in justice's courts.

The plaintiff, on the trial, objected to the admission of certain testimony and the giving of certain instructions, on the ground that there was no proper issue of fraud made by the pleadings. The court overruled the objections, and rightly. The plea of fraud was not all that would be required in the District Court, although it has been held

under our former practice, that even there a general plea is sufficient. *Hampton* v. *Pearce*, 1 Morris, 489; *Brink* v. *Morton et al.*, 2 Iowa, 411. But strict formality is not required in pleadings before justices of the peace; great liberality of construction should be indulged in relation to them. *Brink* v. *Morton*, 2 G. Greene, 191; *Taylor* v. *Barber*, 350; *Packer* v. *Cochayne*, 3 Id., 111; *Simonson* v. *Melbourn*, 4 Id., 310, 379; *Hull* v. *Monahan*, 1 Iowa, 554; *Stone* v. *Murphy*, 2 Id., 35. The plea in this case was sufficient, and the court did not err in overruling plaintiff's objections.

II. The defendant offered witnesses to prove the declarations as to the ownership of the horse, and offers to trade 2. EVIDENCE: him, &c., made by the son, when in possession declarations. of the horse, after the sale to plaintiff. The plaintiff objected, but the court overruled the objection and admitted the testimony; and this ruling is assigned as error.

It has been held by this court, that the declaration of a person, while in possession of personal property, explanatory of such possession, as that he held in his own right, or as agent, &c., was competent. *Ross* v. *Hayne*, 3 G. Greene, 211; *Taylor* v. *Lusk*, 9 Iowa, 244, and authorities cited.

And it has been repeatedly held, that a vendor or former owner remaining in possession after a bargain and sale, or other transfer absolute in its terms, will, when creditors are concerned, either be deemed such evidence of a conspiracy to affect their rights that the courts will admit the vendor's declarations as a co-conspirator with the persons pretending to claim under him, and this, too, when he is in colorably as a servant, or at least it will be deemed such a connection with the property as to warrant the receiving the declarations as a part of the *res gestæ*. 1 Phil. Ev. (Cow & Hill's and Ed. Notes), note 104, p. 327; *Babb* v. *Clemson*, 10 Serg. & Rawle, 419, 426, 427; *S. C.*, 12 Id., 328–330; *Willies* v. *Farley*, 3 Carr. & Payne, 395; *Wilbur* v. *Stickland*, 1 Rawle, 458; *Martin* v. *Reeves*, 3 Mart. (Lou.), 22, 24. But con-

tinued possession should affirmatively appear. *Doe ex dem. Pickett* v. *Pickett*, 3 Dev., 6. There was, therefore, no error in admitting the testimony.

III. We have examined the instructions asked, refused and given, and find that the court gave the law of the case substantially to the jury. Instructions numbered nineteen and twenty would be less liable to mislead, if they contained also the modification in substance embraced in number eight, that is, that the vendor not only "retained actual possession of said horse *after* the sale," but that such possession *continued* up to the time of the seizure under the attachment. The bare possession of personal property by the vendor *after* a sale will not defeat it, unless such possession is *continued* until another acquires an adverse right or interest in the property.

*3. FRAUD: possession after sale.*

IV. The plaintiff offered Charles Blake, her husband, as a witness, by whom she offered to prove the purchase of the horse by her from her son, and the payment of the price at the time of the purchase. The defendant objected, solely on the ground that the witness was the husband of the plaintiff; and the court sustained the objection. This ruling is the only remaining one assigned as error.

*4. EVIDENCE: husband and wife.*

It was held by this court, in *Russ* v. *The Steamboat War Eagle*, 14 Iowa, 363, that the wife was a competent witness for the husband when called by him, he thereby waiving the prohibition of our statute. See, also, *Motts* v. *Usher & Thayer*, 2 Iowa, 82. The case of *Karney* v. *Paisley*, 13 Iowa, 89, was argued by appellant and sought to be reversed on the ground that while § 3983 of the Revision excluded the wife, yet that section was in conflict with § 4, art. I, of the new Constitution. This court discussed that question, and decided that there was no conflict, and hence this section was in force. Both parties conceded the only question made in this case, and the court took that concession as the

basis of its decision. Because counsel agreed upon a proposition of law which the court took for granted in that case, it cannot properly be said to have been decided by the court.

Counsel for appellees in this case have, in a lengthy, able and astute argument, combatted the decision in the case of *Russ* v. *The Steamboat War Eagle, supra*. The leading error of the argument is one that has not been confined to members of the bar familiar with the common law practice, but it has too often been found on the bench, and has stood, more than any other one thing, in the way of the progress of jurisprudence, and the cordial adoption and administration of the spirit of our modern codifications. It is this: in measuring everything by, and resisting any change in, the common law rules.

Our statute (Rev., § 3978), makes every human being, of sufficient capacity to understand the obligation of an oath, a competent witness in all cases, civil and criminal. This section, then, has overturned and swept away the common law, and established a new base. To retreat to the old base in order to take observations for the fortifying and operating from the new, would be hazarding the advantages gained by the advance, and imperil the whole. Looking only to this statute so far, then it is clear that the husband and wife may be witnesses for or against each other if they have sufficient capacity. But the statute further provides (§ 3983), that "the husband or wife shall in no case be a witness for or against the other, except, &c." (§ 3984), "Neither husband nor wife can be examined in any case as to any communications made by one to the other while married, nor, &c." (§ 3985), "No practicing attorney, counselor, physician, surgeon, minister of the gospel, or priest of any denomination, shall be allowed, in giving testimony, to disclose any confidential communication, &c." And then follows § 3986, "The prohibitions

in the preceding sections do not apply to cases where the party in whose favor the respective provisions are enacted, waives the right thereby conferred."

When the husband or wife is called to be examined in a case where one or the other is a party as to communications made by one to the other while married, who waives the prohibition, the husband or wife, or the opposite party? Not the opposite party surely.

When the attorney, physician or minister is called to disclose a confidential communication, who waives the prohibition; is it the party who did not make the communication, and against whom they may be called? Surely not. Thus far, then, it is the *party to the relation*, for whose benefit the provisions were enacted, who may waive the same.

When the husband is called to testify for the wife, who waives the prohibition; is it the wife or the opposite party? Why, the opposite party surely (says the appellee's counsel), *because* at *common law* the opposite party had that right. It is true he had that right at common law, for the reason that by the common law no person who was a party or interested in the issue, could be a witness against the party adverse to him or his interest, and it was held that the right of the opposite party to object to the husband or wife as witness in such case, was on the ground of *interest*. It was *public policy* which prohibited the husband or wife being called against the other. Phillips on Ev. (4th Am. ed., 3 vols.), vol. 1, p. 78; 2 Starkie on Ev., 548; Greenlf. on Ev., § 334; Gilbert's Laws of Ev., 352; Buller's Nisi Prius, 286. But *contra*, see *Hasbruc* v. *Vandervoort, &c.*, 5 Seld. (9 N. Y.), 153, and authorities.

. But we have seen that our statute has changed the common law, and, in effect, has declared that *interest* shall not be a ground of excluding a witness, and, therefore, the *reason* of the rule allowing the opposite party to object

being done away with, the *rule itself* is gone. In any event, whatever may have been the ground of exclusion, whether it was *interest* or the *marital relation*, our statute covers the whole subject of witnesses, and, therefore, supersedes the common law.

Again, it is objected that the language of the statute is, that "the husband or wife shall, in no case, be a witness *for* or against the other, except," &c. ; and it is asked, why prohibit the one being a witness *for* the other, if such other may waive it, as would surely always be done? It is not our duty to answer every possible question which may be put; and, indeed, it is often very difficult to answer satis-factorily, to ourselves even, the questions necessary to be solved in determining cases. But not an unreasonable answer to such question is this: It often happens that a husband is not the only party to a case, or alone in the issues involved; in such case, if one of the parties joined with the husband in the case and issues, should call the wife *for* the husband and himself, and "in favor of" the issues they affirm, the husband could, under the statute, refuse to waive the prohibition and exclude the wife as a witness.

Suppose the word "for" was omitted from our statutes, could the husband, in the case put, prevent his wife from being sworn as a witness? The statute, with the word "for" omitted, would then read, "the husband or wife shall in no case be a witness against the other." Take the case just put, and when the husband objected to his co-party in the issue introducing his wife as a witness, could he not be told that she was not offered against him, and, therefore, he had no right to object, and no prohibition to waive? It not unfrequently happens that co-plaintiffs or co-defendants have different, though not adverse, interests in the same issue, and it may often occur that a husband, from interest as well as from feeling, may not want his wife called as a witness by his co plaintiff or co-defendant *for* the issues

they affirm. The language of our statute certainly includes such a case: whether it would include it if the word "for" was omitted, it is not necessary now to determine.

Without attempting to answer the elaborate argument of appellees' counsel, a majority of the court are content to follow and affirm the case of *Russ* v. *The Steamboat War Eagle*.

For the error in refusing to admit the husband as a witness, the judgment in this cause is

Reversed.

DILLON, J., dissenting as to last point.