George W. McIntosh, Appellant, v. William
Smiley, Respondent.

Kansas City Court of Appeals, October 29, 1888.

1. **Sale of Personal Property**: EFFECT OF ACTUAL POSSESSION
TAKEN.  Under the statute (R. S., sec. 2505) relating to the sale of
property and its delivery, actual possession taken and retained by
the vendee of the things sold completes his title against all persons,
except those whose rights may have intervened between the sale
and the taking of possession.  As against the vendor the vendee's
title is good without possession ; possession is only needed to com-
plete the title as against creditors of, and subsequent purchasers
from, the vendor.

2. **Attachment**: RIGHTS OF ATTACHING CREDITOR UNDER.  An attach-
ing creditor, as such, has no rights in the debtor's property, until
after levy, under the writ of attachment.

*Appeal from Buchanan Circuit Court.*—Hon. Oliver
W. Spencer, Judge.

Reversed and remanded.

*Certified to Supreme Court.*

The case is stated in the opinion.

*James W. Boyd,* for the appellant.

(1) Appellant asks that the judgment of the
circuit court be reversed on account of the following
errors committed by said court :  The court committed
error in giving the instruction by which the jury was
directed to find for defendant.  The case must go to the
jury.  The evidence not only tends to prove plaintiff's
cause of action, but is direct, positive, strong and
uncontroverted and makes a strong case.  *Matthews v.
Grain Co.,* 50 Mo. 149 ; *Bowen v. Lazalere,* 44 Mo.

383-8; *Wilson v. Board*, 63 Mo. 137; *Grady v. Ins. Co.*, 60 Mo. 116-124; *Buesching v. Gas. Co.*, 73 Mo. 219; *South v. Hutchison*, 83 Mo. 683-691; *Brewington v. Jenkins*, 85 Mo. 57-60; *Groll v. Tower*, 85 Mo. 249-251; *Noeninger v. Vogt*, 88 Mo. 589-592; *Harris v. Railroad*, 89 Mo. 233; *Gibson v. Zimmerman*, 27 Mo. App. 90. (2) After plaintiff made out a case the court had no authority to direct a verdict for defendant, no matter how strong the evidence on the part of defendant was. *Gibson v. Zimmerman, supra.* (3) The court committed error in excluding the conversation of plaintiff's witness Albert Cure with defendant, when defendant took the property from Cure's possession. Said witness was at said time in possession of said property. *Burgert v. Borchert*, 59 Mo. 80; *Darrell v. Donnelly*, 38 Mo. 492. The declarations of Cure to defendant at that time are admissible to show that Cure's possession was plaintiff's possession. Plaintiff's possession was presumptive evidence of his title, and the seizure of said property in the possession of plaintiff, by defendant, under a writ to which plaintiff is a stranger is *prima facie* wrongful, and makes defendant, *prima facie*, a trespasser. *State to use v. Hope*, 88 Mo. 430. (4) The court committed error in admitting in evidence the alleged affidavit for an attachment and the attachment writ offered by defendant. Said affidavit is not admissible in evidence, for the following reasons: (*a*) There is no evidence in this case that it was ever made, signed or sworn to. (*b*) Its allegations are insufficient, and are in the alternative, the language being as follows: "* * * After allowing just credits and setoffs [it don't say all just credits] * * * has good reason to believe, and does believe that defendant is not a resident of this state, or he is secreting himself so that the ordinary process cannot be served upon him." It did not give the justice jurisdiction or authority to issue the writ. *Bray v. McCurry*, 55 Mo. 128; *Hargadine v. Van Horn*, 72 Mo. 370; 37 Mich. 175; 14 Minn. 520; 4 Cal. 195; 9 Iowa, 399. (*c*) The only pretended evidence in the case on part of defendant, that said justice ever filed

or had before him, or issued any paper, writ, or summons, or ever had before him the case of Orr *v.* Wallace McIntosh, is the following, to-wit: "Wm. Orr *v.* Wallace McIntosh. Before Thomas N. Leasure, justice of the peace for Wayne township, etc. This suit was filed March 3, 1887. Judgment rendered against defendant April 5, 1887, for $149 and costs. Thomas N. Leasure, J. P." (*d*) This last paper was not admissible in evidence. It is not a certified transcript of the justice's docket,—is nothing. It only purports to be a statement of Leasure, nothing more. (*e*) For the reasons above stated, the alleged writ was not admissible in evidence. Without affidavit and writ, the alleged defense completely fails. (5) The court committed error in ordering the jury to say that the property was of the value of three hundred and thirty-six dollars. It was the province of the jury to determine its value.

*Casteel & Haynes,* for the respondent.

(1) The pretended sale was fraudulent and void as to creditors of Wallace McIntosh, and the court's action, under the evidence, was proper. To make a sale of personal property good against creditors of the vendor, the vendee must take actual possession, in a reasonable time ; that possession must be open, notorious, and unequivocal ; accompanied by the usual marks and *indicia* of ownership ; by a complete change of control over the property ; and by some act which will operate to divest the title and possession from the vendor and vest the same in the vendee. *Claflin v. Rosenberg,* 41 Mo. 439 ; *Burgert v. Borchert,* 59 Mo. 80 ; *Bishop v. O'Connell,* 59 Mo. 158 ; *Lesem v. Herriford,* 44 Mo. 325 ; *Wright v. McCormick,* 37 Mo. 426 ; *Stewart v. Bergstrom,* 79 Mo. 524 : *State to use v. Frack,* 22 Mo. App. 46 ; R. S., sec. 2505. A sale of personal property unaccompanied by a change of possession is void, as to the vendor's creditors, and is not validated by a subsequent delivery, before levy, by an attaching creditor. *Cabanne v. Ray,* 10 Mo. App. 594 ; *Franklin v. Gummersell,* 11 Mo. App. 306.

When it appears from the undisputed facts in a case that the change of possession is not such as the statute requires, the court should, as a matter of law, declare the sale fraudulent. *Stern v. Henley*, 68 Mo. 262; *Wright v. McCormick, supra; Stewart v. Bergstrom, supra.* If the court is satisfied that, conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff, the court should say so to the jury. *Powell v. Railroad*, 76 Mo. 80; *Commissioners v. Clark*, 94 U. S. 284; *Bank v. Bank*, 10 Wall. 639; *Pleasants v. Fant*, 22 Wall. 122; *Brown v. European Co.*, 58 Me. 389; *Dwight v. Ins. Co.*, 4 Cent. Rep. 529, and cases cited; *Hyatt v. Johnson*, 91 Pa. 200; *Imp. Co. v. Munson*, 14 Wall. 442. The scintilla doctrine is exploded, both in England and in this country. See cases above cited. (2) Appellant complains because the court excluded the conversation of witness Cure. Any statement he might have made, after plaintiff's own testimony, relative to the pretended sale, would not have warranted the court in submitting the case to the jury. Plaintiff claimed title by virtue of the transactions in St. Joseph on February 8, 1887; if that was a void transaction, and fraudulent as to the creditors of Wallace McIntosh, what Cure might have said to the constable at the time of the levy, would not have availed anything. (3) Appellant claims that the court erred in admitting in evidence the affidavit for attachment, and the attachment writ. The affidavit is duly signed by William Orr and sworn to before Thomas N. Leasure, March 3, 1887. Appellant contends that because the two grounds of attachment are connected by the disjunctive, or, the justice had no jurisdiction or authority to issue the writ. That position, we think, is untenable, and is not sustained by the authorities cited by appellant. Admitting that the affidavit was irregular; amendments of affidavits in attachment proceedings are expressly allowed by statute. R. S., sec. 445; *Henderson v. Drace*, 30 Mo. 358; *State to use v.*

*Lynn*, 51 Mo. 114. "Proceedings which are amendable are not void. The very fact that the court can make the amendment shows *ex vi termini*, that the proceedings are merely erroneous or irregular, and that the court has jurisdiction." *Hardin v. Lee*, 51 Mo. 241. (4) The plaintiff is bound by the value of the property alleged in his petition, which was admitted by the defendant to be its true value—hence the court committed no error in directing the jury to find the value of the goods to be three hundred and thirty-six dollars.

HALL, J.—This was an action of replevin. The answer admitted the taking of the property and justified the same under a writ of attachment, issued in favor of William Orr against Wallace McIntosh by Thomas N. Leasure, a justice of the peace, directed to the defendant as constable.

It appeared from the evidence introduced for the plaintiff that he had purchased the property in dispute of Wallace McIntosh, his son, on February 8, 1887, and that the property remained in the possession of the son until about February 20, on which day the plaintiff put one Albert Cure in possession of the property as his agent. The suit by attachment against Wallace McIntosh was instituted on March 3, 1887.

The court instructed the jury to find for the defendant.

This action of the court under the evidence can be upheld on one ground only, viz., that the sale by Wallace McIntosh to the plaintiff in this case was, under our statutes, fraudulent and void as to the plaintiff in the attachment suit against Wallace McIntosh on account of the property not having been delivered to the purchaser before the twentieth day of February, the sale having been made on the eighth day of that month.

Conceding that the delay in the delivery of the property was unreasonable, the question presented for our determination is, if a *bona-fide* sale of goods and chattels is not accompanied by a delivery in a reasonable

time, is the sale void as to an attaching creditor of the vendor if the vendee, before the institution of the attachment suit, takes and retains actual possession of the property?

Our statute (R. S. sec. 2505) is as follows: "Every sale made by a vendor of goods and chattels, in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had as to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers in good faith."

Under this statute we think that actual possession taken and retained by the vendee of the things sold completes his title against all persons except those whose rights may have intervened between the sale and the taking of possession. As against the vendor the vendee's title is good without possession; possession is only needed to complete the title as against creditors of, and subsequent purchasers from, the vendor. Had no sale been made, the vendor could by sale and delivery of possession give to the vendee a perfect title against all except those with existing rights; why shall not the delivery of possession under a sale already made have the same effect? The vendor, having made a sale, another sale is not needed (in fact, he has nothing to sell), and he may complete the sale by a delivery of the things sold, to take effect against others from the time that the delivery is made. In such a case, the sale runs, as between the vendor and vendee, from the time of the sale, but as against creditors of and purchasers in good faith from the vendor, from the time of delivery.

This, we think, is the clear meaning of the statute. To hold otherwise would be to prevent a sale unaccompanied by a delivery within a reasonable time from ever becoming perfected as against creditors and subsequent purchasers in good faith. To do this would be to perpetrate wrong, to prevent which was the object of the

statute. The want of a delivery places the vendee, as to creditors and subsequent purchasers in good faith, in the same position he would have been in, if he had not purchased the property, but in no worse position; while the possession remains in the vendor, after the lapse of a reasonable time for a delivery, as to such creditors and purchasers there is no sale, but the vendee is not disqualified from becoming the purchaser of the property; and taking actual possession and retaining it makes him a purchaser even against such parties, if at the time of the taking of possession they have no existing rights.

An attaching creditor, as such, has no rights in the debtor's property until after levy under the writ of attachment; therefore, the question in this case must be answered in the negative.

Our conclusion is supported by the following authorities: Bump on Fraud. Con. 173; *Bartlett v. Williams*, 18 Mass. 288; *Read v. Wilson*, 22 Ill. 377; *Crookshank v. Cogswell*, 26 Ill. 366; *Calkins*, 16 Conn. 276; *Blake v. Graves*, 18 Iowa, 312. A contrary conclusion has, however, been reached in *Cabanne v. Bay*, 10 Mo. App. 594, and in *Franklin v. Gummersell*, 11 Mo. App. 306.

The precise question in this case has not, so far as we know, been decided by our supreme court. For this reason the judgment will be reversed and the cause remanded, but on account of the conflict between our conclusion and the decision of the St. Louis court of appeals above cited, the case, with all papers on file therein, will be transferred to the supreme court. It is so ordered. All concur.