E. ANGELA SCULLY, Appellant, v. MRS. TRINKE AL-
BERS, Defendant, JOHN ALBERS, Interpleader, Re-
spondent.

**Kansas City Court of Appeals, May 6, 1901.**

1. **Fraudulent Conveyances: CHANGE OF POSSESSION: INSTRUC-
TION.** Where a son claims to have purchased certain stock from his
mother for whom he was working and with whom he was living, an
instruction properly tells the jury they should have regard to the
situation of the parties and the surrounding circumstances in pass-
ing upon the question of the change of possession.

2. ———: ———: ———. In such case the instruction properly de-
fines the word "preponderance" used in other instructions.

3. ———: ———: LEVY. Though there be no change of possession
from the vendor to the vendee at the time of the sale, yet, if before
a levy of attachment, the vendee takes actual possession, the sale
is good, no rights of third parties intervening.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,*
Judge.

AFFIRMED.

*Smith & Denton* for appellant.

(1)   There was no evidence, on the part of the inter-
pleader, of his taking possession at time of claimed purchase, or
in a reasonable time thereafter, or at any time, of the household
furniture or cows, as is required by the statute.   And the said
claimed sale is for that reason void, under the law, as to the
creditor in the attachment suit.   R. S. 1899, sec. 3410;
Cracker & Candy Co. v. Ellis & Co., 45 Mo. App. 588; State

ex rel. Redmon v. Durant, 53 Mo. App. 497; State v. Goetz, 131 Mo. 680; Wright v. McCormick, 67 Mo. 426; Halderman v. Stillington, 63 Mo. App. 218. (2) For the reason that there was no evidence showing that the interpleader took such possession of the said goods as is required under the statute to prevent the sale being declared fraudulent under the law, this court should reverse the judgment of the lower court. Ackley v. Staehlin, 56 Mo. 558; Gannon v. Gas Co., 145 Mo. 545; College v. Borck, 44 Mo. App. 21. (3) The court in modifying instruction number two of instructions asked by plaintiff, and modified by court by inserting the following words "and the situation of the parties and surrounding circumstances" and by inserting the following words "from such sale and delivery," prejudiced and misled the jury as to the law, to plaintiff's damage, as shown by the verdict agreed to by them. R. S. 1899, sec. 3410.

*W. O. Jackson* for respondent.

(1) Though possession does not follow the sale of chattels in a reasonable time, nevertheless, if possession be had prior to the creditor's levy, the sale will be good against the creditors. McIntosh v. Smiley, 32 Mo. App. 125; McIntosh v. Smiley, 107 Mo. 377; Tooney v. Goodley, 57 Mo. App. 235. (2) The instruction, complained of by the plaintiff as being modified by the court, contains the law of the case properly expressed. McIntosh v. Smiley, 32 Mo. App. 125; McIntosh v. Smiley, 107 Mo. 377; Tooney v. Goodley, 57 Mo. App. 235.

ELLISON, J.—Plaintiff sued the defendant by attachment for rent. The interpleader filed his claim for the property attached and on trial thereof he obtained judgment. There is much of plaintiff's case, as presented in his brief and argu-

ment, that can not be considered, as no exceptions were taken and preserved.

It appears that interpleader obtained the property attached by purchase from his mother, while they were residing together, he being in her employ on the farm at a stated price per month. Plaintiff's principal point is that there was no sufficient change of possession to make a valid sale as to third parties. And in this connection he objects to certain amendments made to his instructions on this subject. The amendment consisted in interlining that in passing on the question of change of possession the jury should have regard to the situation of the parties and the surrounding circumstances. These words undoubtedly have reference to the fact that the parties were mother and son and were living on the same premises, and that necessarily the change of possession would not be so apparent to the world as if the property had been removed to some other locality. We think the peculiar circumstances of the case made these changes in the instruction proper.

So, likewise, it was not error for the trial court to add to plaintiff's other instruction a proper definition of the word "preponderance," as used by plaintiff.

But on the question of change of possession from the mother to the son, it is shown by the evidence that when the goods were attached, interpleader had taken them from the premises and was in the act of shipping them out of the State. Now it has been recognized as the law in this State since the opinion by HALL, J., in McIntosh v. Smiley, 32 Mo. App. 125; s. c., 107 Mo. 37, that though there was no change of possession at the time of sale, as required by law, yet if before the levy of the attachment (and there be no intervening rights of third parties) the vendee takes actual possession, the sale is good. See also Tooney v. Goodley, 57 Mo. App. 242.

We have gone over the whole record and do not discover any error in the proceeding at the trial and therefore affirm the judgment. All concur.