STATE OF MISSOURI, to use of CENTRAL SAVINGS BANK, Appellant, *v.* HERBERT BELL *et al.*, Respondents.

### April 25, 1876.

A conveyance of personal property, whether absolute or otherwise in form, and whether recorded or not, may be a good mortgage, as between the parties; but, as to creditors of the grantor, if the instrument be on its face absolute, with nothing indicating an intent to create a mortgage, there must be a change of possession within the terms of the statute to make it effectual for any purpose.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*Farish & Griffin*, for appellant, cited: Plumber *v.* Guthrie, 76 Pa. St. 455; Turner *v.* Kerr, 44 Mo. 429; Brant *v.* Robertson, 16 Mo. 129; Sharkey *v.* Sharkey, 47 Mo. 543;

Holmes *v.* Farish, 9 Mo. 201; Davis *v.* Clay, 2 Mo. 161; DesLoge *v.* Ranger, 7 Mo. 327; Tibeau *v.* Tibeau, 22 Mo. 77; Wag. Stat. 281, sec. 10.

*Doan & Levin*, for respondent.

LEWIS, J., delivered the opinion of the court.

Defendant Bell sued one William Freudeman by attachment, which was levied on certain personal property. Plaintiff's usee made claim to the property, whereupon defendant, giving bond under the statute, caused it to be sold. Plaintiff seeks in this suit to recover upon the bond.

At the trial plaintiff introduced in evidence a bill of sale from Freudeman, absolute on its face, conveying the property to the cashier of the Central Savings Bank, for the consideration of $1,000. Also, testimony tending to prove that the transaction was, in fact, intended by the parties to be a mortgage, to secure a loan of $1,000, with the interest, for which Freudeman, at the same time, gave his note. There was no delivery of the property or change of possession, but the bill of sale was acknowledged and duly recorded some time prior to the issuing of the attachment. Plaintiff prayed the court to declare the law as follows:

" If the court finds from the evidence that the instrument of writing offered in evidence herein, although on its face a bill of sale of personalty, was intended between the parties thereto to be, and was, in effect, an equitable mortgage; and further finds from the evidence that the same was acknowledged and recorded in the county in which the mortgagee or grantor resided at the time of the execution of the same, then the court declares the law to be that the non-delivery of the goods described in said instrument is not of itself fraudulent and void, as against the creditors of the vendee."

The court refused so to declare the law, and rendered judgment for the defendant; from which the plaintiff appealed.

The question whether an instrument, appearing on its

face as an absolute transfer, may yet, as between the parties, be treated by the courts as a mortgage, upon a proper showing *aliunde*, is no longer open for discussion. But, when such treatment is to affect the rights of the grantor's creditors, a different question is presented. So far as the parties themselves are concerned, the instrument, whether absolute in form or otherwise, need not be recorded at all. Nothing of effect will be added, or even preserved, by that process, whether the property be delivered or not. As affecting the rights of creditors, however, the law demands that an absolute sale of personalty be accompanied by a change of possession; while a mortgage of such property will be valid without such change of possession, if the instrument of transfer be duly recorded. The object of the law, in either case, is to secure to the creditor a certain degree of information—whose form will vary with the form of the transfer—that the property of his debtor has passed into other hands. But, where there is no delivery of the property, if the mortgage character of the instrument do not appear upon its face, and is known only as a matter of private understanding between the parties, how will the creditor acquire the information which the law exacts in his behalf? If the sale be absolute, he learns nothing of it from the record; because, to effect such a sale, something else is requisite, which the record cannot impart. If it be a mortgage, he is still left in ignorance, because the record does not show that fact. It appears, therefore, clearly necessary, in every such case, that the instrument contain something indicating an intention of the parties to create a mortgage, or else the mere fact of recording will not render it effectual against a creditor of the grantor. Wag. Stat. 281, secs. 8, 10.

The Circuit Court, therefore, did not err in refusing the instruction asked for. No other point being presented for our examination, the judgment is affirmed. Judge GANTT concurs; Judge BAKEWELL, of counsel below, not sitting.