McIntosh v. Smiley.

---

McINTOSH, *Appellant,* v. SMILEY.

DIVISION ONE.

---

**Fraudulent Sale**: STATUTE: ATTACHMENT. A *bona fide* sale of goods and chattels, the possession of which is not taken within a reasonable time after the sale, within the meaning of Revised Statutes, 1879, section 2505, is not void as to an existing creditor at the time of the sale, if before the institution of an attachment suit by such creditor, the vendee takes and retains actual, continuous possession of the property, and is in such possession at the time of the attachment levy.

*Certified from Kansas City Court of Appeals.*

AFFIRMED.

107 377
53a 22

107 377
56a 329

107 377
57a 242

107 377
128 173

107 377
63a 219

107 377
65a 133

107 377
68a 446
68a 464

107 377
f89a 120

107 377
91a 423

107 377
95a 85

*James W. Boyd* for appellant.

(1) The court committed error in giving the instruction by which the jury was directed to find for defendant. The case must go to the jury. The evidence not only tends to prove plaintiff's cause of action, but is direct, positive, strong and uncontroverted and makes a strong case. *Matthews v. Elevator Co.*, 50 Mo. 149; *Bowen v. Lazalere*, 44 Mo. 383; *Wilson v. Board*, 63 Mo. 137; *Grady v. Ins. Co.*, 60 Mo. 116; *Buesching v. Gaslight Co.*, 73 Mo. 219; *Smith v. Hutchinson*, 83 Mo. 683; *Brewington v. Jenkins*, 85 Mo. 57; *Groll v. Tower*, 85 Mo. 249; *Noeninger v. Vogt*, 88 Mo. 589; *Harris v. Railroad*, 89 Mo. 233; *Gibson v. Zimmerman*, 27 Mo. App. 90. (2) After plaintiff made out a case the court had no authority to direct a verdict for defendant, no matter how strong the evidence on the part of defendant was. *Gibson v. Zimmerman*, 27 Mo. App. 90.

*Casteel & Haynes* for respondent.

(1) Respondent insists that the pretended sale was fraudulent and void as to creditors of Wallace McIntosh, and that the court's action under the evidence was proper. To make a sale of personal property good against creditors of the vendor, the vendee must take actual possession in a reasonable time; that possession must be open, notorious and unequivocal, accompanied by the usual marks and indicia of ownership, by a complete change of control over the property, and by some act which will operate to divert the title and possession from the vendor and vest the same in the vendee. *Chaflin v. Rosenburg*, 42 Mo. 439; *Burgert v. Borchert*, 59 Mo. 80; *Bishop v. O'Connell*, 59 Mo. 158; *Lessem v. Herriford*, 44 Mo. 325; *Stewart v. Bergstrom*, 79 Mo. 524; *State to use v. Frank*, 22 Mo. App. 46; R. S., sec. 2505. (2) A sale of personal

property unaccompanied by a change of possession is void as to the vendor's creditors, and is not validated by a subsequent delivery before levy by an attaching creditor. *Cabanne v. Bay*, 10 Mo. App. 594; *Franklin v. Gummersell*, 11 Mo. App. 306. (3) When it appears from the undisputed facts in a case that the change of possession is not such as the statute requires, the court should as a matter of law declare the sale fraudulent. *Stern v. Henley*, 68 Mo. 262; *Stewart v. Bergstrom*, *supra*. (4) If the court is satisfied, that, conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff, the court should say so to the jury. *Powell v. Railroad*, 76 Mo. 80; *Commissioners v. Clark*, 94 U. S. 284; *Bank v. Bank*, 10 Wall. 639; *Pleasants v. Fant*, 22 Wall. 122; *Brown v. European Co.*, 58 Me. 389; *Dwight v. Ins. Co.*, 4 Cent. Rep. (N. Y.) 529, and cases cited; *Hyatt v. Johnson*, 91 Pa. 200; *Improvement Co. v. Munson*, 14 Wall. 442. The scintilla doctrine is exploded, both in England and this country. See cases above cited.

BRACE, J.—This case is certified here from the Kansas City court of appeals, as being in conflict with previous decisions rendered by the St. Louis court of appeals. It is reported in 32 Mo. App. 125. The conclusion reached by the Kansas City court of appeals in this case, that a *bona fide* sale of goods and chattels, the possession of which is not taken, within a reasonable time after the sale, within the meaning of section 2505, Revised Statutes, 1879, is not void, as to an existing creditor at the time of the sale, if before the institution of an attachment suit by such creditor the vendee takes and retains actual, continuous possession of the property, and remains in possession thereof at the time of the levy of the writ in such suit upon such property, meets with our approval. The precise question, under that section of the statute, has not hitherto been passed

upon by this court, but the decision of the court of appeals finds support in the rulings of this court in the following cases: *Dobyns v. Meyer*, 95 Mo. 132; *Petring v. Chrisler,* 90 Mo. 650. The judgment of the Kansas City court of appeals is affirmed. All concur.