F. X. MARKEY, Appellant, v. JAMES T. UMSTATTD, Respondent.

St. Louis Court of Appeals, January 31, 1893.

Sales: DELIVERY AS TO CREDITORS. An actual and continued change in the possession of goods sold will be sufficient as against an attaching creditor whose writ has been levied on the goods, if, though not made within a reasonable time after the sale, it takes place before the levy. (*Link v. Harrington, 41 Mo. App. 635, is overruled.*)

*Appeal from the Monroe Circuit Court.*—HON. THOMAS H. BACON, Judge.

REVERSED AND REMANDED.

*R. B. Bristow* and *A. D. Bell,* for appellant.

No brief filed for respondent.

BIGGS, J.—This is an action of replevin for a stock of marble goods. The defendant, as constable, seized the property under a writ of attachment against the firm of Sinnard & Bowles. The plaintiff, claiming to be the owner and purchaser of the stock from the firm of Sinnard Brothers & Bowles, brought this action, and the property was taken from the defendant's possession under the writ of replevin and delivered to the plaintiff. The defense was that the attempted sale of the property to the plaintiff was void as having been contrived for the purpose of hindering and delaying the creditors of Sinnard & Bowles, and for the further reason that possession of the goods was not taken within a reasonable time after the purchase. On a trial there was a finding of the issues for the defendant, and the value of the goods was assessed by the jury at the sum of $35. Judgment was entered accordingly, and the plaintiff has appealed.

The writ of attachment, under which the defendant held the property, was levied on the ninth day of February, 1891. The defendant admits in his testimony that the plaintiff at the time of the seizure was present, and had the actual custody of the property. But his other evidence tended to show that the plaintiff's pretended purchase was made in the latter part of January, 1891, and that he did not take possession of the goods until about the sixth day of February. During this interval the property had been held by the defendant under previous attachments against Sinnard & Bowles. On the sixth day of February the plaintiff

paid to the defendant the claims of the attaching cred itors, together with the costs, and the defendant under the order of Sinnard & Bowles turned the goods over to the plaintiff, and delivered to him the key to the room where the property was stored. Upon this evidence the court at the instance of the defendant gave the following instruction, of which the plaintiff complains: "The court instructs the jury that, if they find from the evidence that in the sale, if any, from Sinnard Brothers & Bowles, or Sinnard & Bowles, to Frank X. Markey of the goods described in plaintiff's petition, the goods were not delivered to said Markey by said Sinnard Brothers & Bowles in a reasonable time after the sale, regard being had to the situation of the property, and was followed by an actual and continued, open, unequivocal change of the possession of the things and property sold; or that no sale was made, they must find for the defendant."

This court decided in the case of *Link v. Harrington*, 41 Mo. App. 635, that, as delivery and change of possession within a reasonable time are essential ingredients of every sale of chattels, when such sale is sought to be upheld against the creditors of the vendor, a failure to observe these requirements of the statute could not be cured by delivery at any time prior to the seizure of the property by creditors. But the supreme court in the recent case of *McIntosh v. Smiley* (107 Mo. 377) has decided to the contrary, thereby in effect overruling the case of *Link v. Harrington, supra*. Under the law as it now stands, the instruction presented an immaterial issue, as the defendant himself admitted that the plaintiff was in the actual possession of the property at the time he made the levy. This instruction was necessarily prejudicial.

It is useless to notice other questions presented in the briefs. We will dispose of the case with the obser-

vation, that on the present record the good faith of the purchase is the only question to be retried.

With the concurrence of the other judges, the judgment of the circuit court will be reversed, and the cause remanded. It is so ordered.