ANTON MALLMANN, Respondent, v. HARRIS BROTHERS, Defendants; PILOT GROVE BANK, Interpleader, Appellant.

Kansas City Court of Appeals, February 3, 1896.

1. Fraudulent Conveyances: MORTGAGE: VOID AS TO MERCHANDISE STOCK: VALID AS TO FIXTURES. A mortgage covering fixtures and furniture of a drug store, and also the stock of drugs, is not void as to fixtures and furniture though invalid as to the stock, because of the mortgagor remaining in possession and continuing the business with the consent of the mortgagee.

2. ———: MORTGAGE OF STOCK: POSSESSION: INSTRUCTION. Though a mortgage is void except as between the parties by reason of the mortgagor continuing the business, yet, if the mortgagee in good faith takes actual possession by virtue of the mortgage prior to the levy of an attachment, he will be protected from subsequent attaching creditors; and the jury should be so instructed.

3. Instruction Covering the Whole Case. It is erroneous to give an instruction disposing of the whole case which excludes from the consideration of the jury points raised by either party.

*Appeal from the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED.

*W. F. Johnson* and *Draffen & Williams* for appellant.

(1) The court committed manifest error in the instruction given of its own motion. *Donnell v. Byern*, 69 Mo. 468; *Bullene v. Barrett*, 87 Mo. 185. It is immaterial that the interpleader may not have asked an instruction concerning the fixtures. The court's instruction peremptorily excluded everything, except the question as to sales by Harris Brothers, in the usual course of business, and the application of the proceeds to their own use, with Johnson's consent, and directed the jury to find against the interpleader, if such sales were made. An instruction of this character should cover the whole case. *Clark v. Hammerle*, 27 Mo. 55; *Hohstadt v. Daggs*, 50 Mo. App. 240. (2) The instruction was erroneous, because there was no evidence that Harris Brothers continued to sell the mortgaged goods in the usual course of business and to apply the proceeds to their own use, with the consent of Johnson, agent of the interpleader. An instruction without evidence upon which to base it should not be given. *Harrison v. Cachelin*, 27 Mo. 26; *Paddock v. Lane*, 102 Mo. 226; *Hopkins v. Hastings*, 21 Mo. App. 263. (3) The instruction complained of declared that the interpleader could not recover, if Harris Brothers, after the mortgage was given, continued to sell, etc. This would apply to any sales made before the interpleader took possession and sold the goods under the mortgage. *Joseph v. Boldridge*, 43 Mo. App. 333; *Dobyns v. Meyer*, 95 Mo. 132; *McIntosh v.*

*Smiley,* 107 Mo. 377. (4) The interpleader took possession of the goods, sold them under the chattel mortgage and purchased them at said sale, and had boxed a part of them preparatory to shipment, before the attachment was levied. The interpleader under these circumstances was entitled to recover. *Pollard v. Farwell,* 48 Mo. App. 42; *State ex rel. v. Flynn,* 56 Mo. App. 236.

*W. S. Banta* and *James Parks & Son* for respondent.

(1) The actual and continued possession, contemplated by the provisions of section 5178, Revised Statutes of Missouri, 1889, must be open, notorious, and unequivocal, such as to apprise the community, or those accustomed to deal with the party, that the goods have changed hands, and that the title has passed out of the seller into the purchaser. *Wright v. McCormick,* 67 Mo. 426; *Stern v. Henley,* 68 Mo. 262; *State ex rel. v. Hall,* 45 Mo. App. 298; *State ex rel. v. Merritt,* 70 Mo. 275; *Stewart v. Nelson,* 79 Mo. 522; 1 Cobby on Law of Chattel Mortgages [1 Ed.], sec. 507. (2) Where the maker of the mortgage, that conveys a stock of goods, continues in possession and sells in the usual course of business, with the knowledge of the mortgagee, very slight evidence ought to be required to prove that the dealing in that manner was pursuant to a right secured contemporaneously with the execution of the instrument; and such right, when proved, stamps the transaction with constructive fraud, at least, as effectually as if the provisions had been incorporated in the instrument. *Bullene v. Barrett,* 87 Mo. 185; *Eby, Dowden & Co. v. Watkins,* 39 Mo. App. 27. (3) Where a chattel mortgage is executed and the mortgagee takes actual possession of the property, and

VOL. 65 app—9

afterward places it in the actual possession, care, custody, and control of the mortgagee, such does not constitute the actual and continued change of possession necessary to uphold the mortgage against creditors. 1 Cobby on Law of Chattel Mortgages [1 Ed.], sec. 495. (4) Possession by the mortgagor as the agent of the mortgagee, is always looked upon with suspicion and has been frequently held to avoid the mortgage. 1 Cobby on Law of Chattel Mortgages [1 Ed.], sec. 505. (5) Where in a case of fraudulent conveyance the vendee participates to any extent in the purpose of the vendor to hinder, delay, or defraud the creditors of the vendor, the whole conveyance is void. *Bick v. Seal*, 45 Mo. App. 475; *Pierson v. Slifer*, 52 Mo. App. 273.

SMITH, P. J.—This case may be stated in this way: Harris Brothers, who were the owners of a stock of drugs, medicines, etc., owed the interpleader bank several notes, amounting to about $2,000. On June 12, 1893, Harris Brothers, for the purpose of securing the payment of said notes, executed and delivered a deed of trust to one Johnson, as trustee, covering their stock of drugs and medicines, etc., in their storehouse, and also their counters, scales, show cases, iron safe, and other fixtures. The deed was duly recorded in the proper county. The store was immediately closed by the trustee, after the execution of the deed of trust. He placed on the front door of the store a card, on which was written or printed the word, "Closed." Immediately after the store was closed, the trustee left the key with R. E. Harris, one of the firm of Harris Brothers, and returned to his home in another county. Shortly after the trustee went away, Harris Brothers opened the store and made some small sales of goods.

There is some evidence tending to show that after the execution of the deed of trust Harris Brothers

made one or more sales, while the trustee was present in the store. But whether the sales were made with the knowledge or consent of the trustee does not very clearly appear.

The trustee afterward, in the early part of July, advertised the property, under the deed of trust, for sale; and later, in pursuance of such notice, sold the same to the bank for $1,000. After the sale, Johnson, who was the attorney for the bank, with the aid of the Harris Brothers, began to pack the goods, for the purpose of shipping them to the purchaser. They had packed that part of the same on the east side of the store and were proceeding to pack the others, when the constable, under a writ of attachment, issued to him by a justice of the peace, in the suit of Mallman against Harris Brothers, seized the show cases, cigar case, prescription case, scales, counters, safe, fifteen gallons of paint, one wall paper trimmer, eleven dozen diamond dyes and cases, eleven gallons of mixed paint, four dozen King's Discovery, and two dozen Borden's German Syrup.

The bank appeared in the action before the justice and filed an interplea, claiming the attached property. When the case reached the circuit court, there was a trial and judgment for plaintiff Mallman, and from which the interpleader bank has appealed. The interpleader objects that it was error for the court to give, as it did on its own motion, an instruction which told the jury that, if they believed from the evidence that after the mortgage was given Harris Brothers, with the consent of W. F. Johnson, the agent of the interpleader, continued to sell the mortgaged goods, and apply the proceeds to their own use, they should find for the plaintiff; and, if they believed from the evidence that they did not so sell, they should find for

the interpleader, that this was the only question for them to determine in the case.

If the jury did find the facts embraced in the hypothesis of the instruction, was that sufficient to authorize a finding by the jury for the plaintiff, as to the counters, show cases, iron safe, and other fixtures? In *Donnell v. Byern*, 69 Mo. 468, it was declared that a mortgage covering the fixtures and furniture of a drug store, and also stock of drugs, will not be held void as to the fixtures and furniture, because, as to the stock of goods, it is invalidated by the fact that the mortgagor, with the consent of the mortgagee, remained in possession and continued in his usual business of selling drugs.    And a like ruling was made in *State v. Trasker*, 31 Mo. 445; *State v. D'Oench*, 31 Mo. 453; *Bullene v. Barrett*, 87 Mo. 185. No evidence was shown that the fixtures and furniture were to remain in the possession of the grantors and be disposed of by them for their benefit; nor that the same were disposed of by them for that purpose, with the consent of the agent of the interpleader, or at all.    The jury were required, by the court's instruction, to ignore this partial defense, though there was evidence to sustain it.

Now, if it be conceded that the grantors, after the execution of the deed of trust (which, for convenience, we shall hereafter call a mortgage), with the consent of the agent of the *cestui que trust*, continued to sell the mortgaged goods and apply the proceeds to their own use, this would not authorize a recovery by plaintiff, if the interpleader afterward took actual possession of the mortgaged goods, by its agent, and caused the same to be sold under the mortgage and became the purchaser at such sale, and was in possession at the time of the levy of the attachment.    It is now the well settled law of this state, that though a mortgage is void except as between the parties, yet if the mort-

gagee, in good faith, takes the actual possession, by virtue of the mortgage, prior to the levy, for the purpose of securing his debt, and is in such possession at the time of the levy, he will be protected against subsequent attaching creditors. *Dobyns v. Meyer*, 95 Mo. 132; *Greely v. Reading*, 74 Mo. 309; *Hewson v. Tootle*, 72 Mo. 632; *Petring v. Christler*, 90 Mo. 649; *McIntosh v. Smiley*, 107 Mo. 377; *McIntosh v. Smiley*, 32 Mo. App. 125; *Joseph v. Boldridge*, 43 Mo. App. 333; *Halderman v. Sittlington*, 63 Mo. App. 212. The effect of taking possession under the mortgage, for the purposes therein specified, with the consent of the grantees, in the absence of fraud in fact, purged the mortgage of legal fraud, as against subsequent attaching creditors. And whether a mortgage contains a provision rendering it void as to creditors, because for the use of the grantee, or whether the vitiating facts do not appear on its face, but are established by evidence *aliunde*, as in the present case, the legal effect on the mortgage, as to creditors, is precisely the same.

Although the jury may have found from the evidence the facts mentioned in the first paragraph of the instruction, still that would not preclude a finding for the interpleader, if they further believed from the evidence that the mortgagee, or its agent for it, subsequently, in good faith, took actual possession of the mortgaged property, for the purpose specified in the mortgage and was in such actual possession at the time of the levy of the writ of attachment. Notwithstanding the interpleader's evidence most strongly tended to establish the collection of facts just stated, the jury, by the mandatory language of the court's instruction, were precluded from a consideration of the same. The instruction was too narrow in its scope. It is always erroneous for a court to give an instruction disposing of the whole case, which excludes from the

consideration of the jury the points raised by the evidence of either party. This instruction made it impossible for the jury to consider the evidence of the interpleader, which tended to show that the plaintiff had no right to recover. *Evans Garden Cultivator Co. v. Railroad* (decided at present term); *Clark v. Hammerle*, 27 Mo. 55; *Sullivan v. Railroad*, 88 Mo. 169; *Hohstadt v. Daggs*, 50 Mo. App. 240; *Griffith v. Conway*, 45 Mo. App. 574.

No reason is perceived why the instructions requested by the interpleader were not given. They announce correct principles of law applicable to the facts which the evidence tends to prove.

For the error of the court in the giving and refusing of instructions, as heretofore indicated, the judgment must be reversed and the cause remanded. All concur.