J. S. WACHTEL, Respondent, v. E. A. EWING, Appellant.

Kansas City Court of Appeals, February 5, 1900.

1. Fraudulent Conveyances: CHANGE OF POSESSION: WHISKY IN BOND. A sale of whisky in bond by the owner on an order for it which is made known to the officer in the immediate possession, is a sufficient change of possession, especially when followed by an actual turning over by the officer to the vendee.

2. ———: ATTEMPT TO HINDER: PRACTICE. Where the question of fraud with intent to hinder creditors is submitted to the jury upon instructions asked by each party, the verdict is conclusive upon the appellate court.

3. ———: EXISTING ATTACHMENT: KNOWLEDGE OF VENDEE. The fact that an attachment writ was out against the vendee's property generally, will not affect the validity of the purchase unless the vendee knows thereof, especially where such writ had been returned at the time of purchase.

4. ———: ABANDONED ATTACHMENT LEVY. The fact that a levy has been attempted under an attachment writ and abandoned and the writ returned will not vitiate a sale otherwise valid.

Appeal from the Vernon Circuit Court.—*Hon. H. C. Timmonds*, Judge.

AFFIRMED.

*A. J. King* and *M. T. January* for appellant.

(1) Where the evidence, together with the admissions of a party to the record, admit of but one reasonable conclusion, it is the duty of the trial court to peremptorily instruct the jury. And the action of the trial court in so refusing will be reviewed on appeal. Janis v. Roentgen et al., 52 Mo. App. 114; Bank v. Gardner 57 Mo. App. 268. (2) Instruction number 2 is erroneous because it requires the jury to find "knowledge" on the part of Wachtel of the fraud of Wiseman. Notice of facts sufficient to put him on inquiry satisfies the requirements of the law. Abbe v. Justus, 60 Mo. App. 300. (3) The title to property in the hands of a bailee may be transferred so as to satisfy the statute on fraudulent conveyances by notice to the bailee. There being no notice to the bailee in this case, instruction number 1 is erroneous. Halderman v. Stillington, 63 Mo. App. 212. (4) A vendee can not be an innocent purchaser if before he has paid the purchase price he has knowledge that the property has been, or is about to be attached at the suit of a creditor of his vendor, based upon an allegation of a fraudulent or attempted fraudulent disposition of such property. Young v. Kellar, 94 Mo. 581; Dougherty v. Cooper, 77 Mo. 528; Shelley v. Boothe, 73 Mo. 74.

*Scott & Bowker* and *J. B. Journey* for respondent.

(1) The appellate court will not reverse the verdict of a jury unless there is no evidence to support it. James v. Ins.

Co., 148 Mo. 1; Davis v. Railroad, 46 Mo. App. 180. (2) When property is in the hands of a bailee, notice by the vendee to him is all that is necessary to transfer the title and possession. Worley ex rel. v. Standley, 22 Mo. App. 546; Halderman v. Stillington, 63 Mo. App. 212. (3) Possession by vendee at any time before levy is good against attaching creditors. McIntosh v. Smiley, 107 Mo. 377. (4) The statute of frauds does not apply in regard to change of possession where the property is in the possession of the bailee. Worley ex rel. v. Standley, *supra*. (5) The word owner as used in the revenue law means the party legally entitled to it. Conrad v. Fisher, 37 Mo. App. 403. (6) All the cases hold that regard must be had to the character of the property, its location, and the circumstances surrounding it, in ascertaining whether the vendee has taken possession within a reasonable time.

ELLISON, J.—This is an action of replevin for thirteen barrels of whiskey in which plaintiff prevailed in the trial court. The defendant is the sheriff of Vernon county and had the property in possession by reason of a seizure under a writ of attachment issued from the circuit court of that county in the case of Bryan against Wiseman, wherein the latter was charged to be indebted to the former. Plaintiff claims to have purchased the property of Wiseman prior to the levy of the attachment.

The following are the facts substantially as the evidence for plaintiff tends to establish them; the verdict being for plaintiff we accept them as true. The whiskey was the property of Wiseman who distilled it, but was in the government bonded warehouse, the revenue tax not being paid thereon. While thus in the possession of the government for the purpose aforesaid, plaintiff purchased it of Wiseman, receiving from him an order on the store-keeper and gauger for the same; also statement of number of barrels and contents made

out on the gauger's report.   Plaintiff then sent a draft for the tax, amounting to $646.69 to the collector of the revenue and asked to have the barrels "stamped out" and turned over to him.   In a few days the proper government officers (deputy collector and store-keeper) appeared and began to "stamp out" the whiskey.   While they were thus engaged, plaintiff came into their presence and presented his order from Wiseman. · One of the officers took it, saying it was all right.   When the officers finished stamping, one of them turned to plaintiff and said:   "here is your whiskey."   Just at that moment the deputy sheriff announced that "I attach this whiskey," and took it away with teams which he had in; waiting.

The foregoing made out a complete sale and change of possession before the officer's attachment was levied or offered to be levied.   A sale of the whiskey in bond by the owner by an order for it which is made known to the officer in immediate possession was sufficient change of possession of itself. Conrad v. Fisher, 37 Mo. App. 352; Halderman v. Stillington, 63 Mo. App. 212.   But here we have, in addition, an actual turning over by the officer to the vendee.   The court therefore properly refused defendant's instruction B.

2.   A question of fraud with intent to hinder and delay creditors was made as to Wiseman and a knowledge of such intent on the part of plaintiff at the time of his purchase. This issue was submitted to the jury, the instructions in that respect for each party were given by the court as asked. We must therefore accept the verdict of the jury as conclusive.

There was an instruction offered by defendant and refused which peremptorily directed the jury to find for defendant.   This was, presumably, on the ground, additional to what we have already noticed, that there was an attachment writ issued at the suit of Bryan and directed against Wiseman's personal property generally.   But  the  evidence  for

plaintiff tends to prove that he did not know of such writ being outstanding when he purchased, and it is conceded that the writ was returned. The writ under which the present attachment was levied was an alias issued after the sale to plaintiff in the manner aforesaid.

3. There was evidence tending to show that an attachment of this property had been attempted, prior to the sale to plaintiff, by the sheriff going to the warehouse and posting up a notice on the outside to that effect. But, passing by any question of the effect of such a proceeding as a levy and seizure, the levy was evidently abandoned and the writ returned. The levy under which this claim is made is under an alias writ issued just before the seizure made thereunder, as has just been stated.

We discover no ground justifying an interference of the judgment and it is affirmed. All concur.